JEAN E. WILLIAMS, Acting Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

MARK A. PACELLA, Trial Attorney (DC Bar # 470485)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-3126
Facsimile: (202) 305-0506
Email: mark.pacella@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WILLAMETTE RIVERKEEPER and CONSERVATION ANGLER, | Case No.: 6:21-cv-00034-AA |
| Plaintiffs, | DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| v. | |
| NATIONAL MARINE FISHERIES SERVICE; BARRY THOM, Regional Administrator, National Marine Fisheries Service; U.S. ARMY CORPS OF ENGINEERS; MICHAEL HELTON, District Engineer, | |

U.S. Army Corps of Engineers;
U.S. FISH AND WILDLIFE SERVICE;
ROBYN THORSON, Regional Director,
U.S. Fish and Wildlife Service,

      Defendants.

---

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants National Marine Fisheries Service ("NMFS"); Barry Thom, in his official capacity as Regional Administrator of NMFS' West Coast Regional Office; the United States Army Corps of Engineers ("Corps"); Colonel Michael Helton, in his official capacity as Commander and District Engineer of the Corps' Portland District; the United States Fish and Wildlife Service ("FWS"); and Robyn Thorson, in her official capacity as Regional Director for the FWS in Interior Regions 9 and 12, hereby respond as follows to the allegations in Plaintiffs' Complaint for Declaratory and Injunctive Relief (ECF 1). The numbered paragraphs of Defendants' Answer correspond to the numbered paragraphs of Plaintiffs' Complaint.

1.      The allegations in the first sentence of Paragraph 1 consist of Plaintiffs' characterization of its suit, which requires no response. To the extent a response is required, Defendants deny the allegations. In response to the allegations in the second sentence of Paragraph 1, Defendants admit that Upper Willamette River winter steelhead are listed under the Endangered Species Act ("ESA") as a threatened species. The allegations in the third sentence of Paragraph 1 are vague and ambiguous and Defendants deny the allegations on that basis. The allegations in the fourth sentence of Paragraph 1 consist of Plaintiffs' characterization of its suit, which requires no response. To the extent a response is required, Defendants deny the allegations.

2.      The allegations in the first sentence of Paragraph 2 are legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations. The

allegations in the second sentence of Paragraph 2 are legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of Paragraph 2 also purport to describe and characterize the Biological Opinion for the Evaluation of Hatchery Programs for Spring Chinook Salmon, Summer Steelhead, and Rainbow Trout in the Upper Willamette River Basin ("Hatcheries BiOp"), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Hatcheries BiOp's plain language, meaning, and/or context. The allegations in the third and fourth sentences of Paragraph 2 are legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

3.      The allegations in Paragraph 3 are legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

4.      The allegations in the first, second, and third sentences of Paragraph 4 are legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations. Defendants aver that the Corps and FWS received a letter from Plaintiffs' counsel dated April 10, 2020 that speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the letter's plain language, meaning, and/or context. In response to the allegations in the fourth sentence of Paragraph 4, Defendants deny that the Corps or FWS have violated the ESA and therefore deny that the agencies needed to remedy any violations of the ESA.

5.      The allegations in Paragraph 5 are legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

6.      The allegations in the first sentence of Paragraph 6 are legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

Defendants admit the allegations in the second, third, and fourth sentences of Paragraph 6. The allegations in the fifth sentence of Paragraph 6 are legal conclusions that require no response. The allegations in the sixth sentence of Paragraph 6 are vague and ambiguous, and Defendants deny the allegations on that basis.

7.      Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 7 and, on that basis, deny the allegations. The allegations in the third sentence of Paragraph 7 purport to describe and characterize a complaint filed in a previous case, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the complaint's plain language, meaning, and/or context. The allegations in the fourth sentence of Paragraph 7 purport to describe and characterize the Willamette River Basin Flood Control Project Biological Opinion ("Willamette BiOp") issued by NMFS in 2008, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Willamette BiOp's plain language, meaning, and/or context.

8.      Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, on that basis, deny the allegations.

9.      Defendants deny the allegations in the first sentence of Paragraph 9. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences in Paragraph 9 and, on that basis, deny the allegations.

10.      Defendants admit the allegations in the first sentence of Paragraph 10. The allegations in the second sentence of Paragraph 10 are legal conclusions that require no response. To the extent a responses is required, Defendants deny the allegations. Defendants aver that the Secretary of Commerce has delegated her responsibilities under the ESA for certain marine and

anadromous species, including the Upper Willamette River steelhead, to NMFS. The allegations in the third sentence of Paragraph 10 are legal conclusions that require no response. To the extent a response is required, Defendants aver that NMFS is required to comply with NEPA in certain circumstances and otherwise deny the allegations.

11. In response to the allegations in the first sentence of Paragraph 11, Defendants admit that Barry Thom is the Regional Administrator of NMFS' West Coast Regional Office. Defendants admit the allegations in the second sentence of Paragraph 11. The allegations in the third sentence of Paragraph 11 are vague and ambiguous, and Defendants deny the allegations on that basis. The allegations in the third sentence of Paragraph 11 are also legal conclusions that require no response.

12. Defendants admit the allegations in the first, second, and third sentences of Paragraph 12. The allegations in the fourth sentence of Paragraph 12 are legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

13. In response to the allegations in the first sentence of Paragraph 13, Defendants admit that Colonel Michael D. Helton is the Commander and District Engineer of the Corps' Portland District. Defendants admit the allegations in the second sentence of Paragraph 13. The allegations in the third sentence of Paragraph 13 are vague and ambiguous, and Defendants deny the allegations on that basis. The allegations in the third sentence of Paragraph 13 are also legal conclusions that require no response.

14. Defendants admit the allegations in the first sentence of Paragraph 14. The allegations in the second sentence of Paragraph 14 are legal conclusions that require no response. To the extent a response is required, Defendants aver that FWS is required to comply with ESA

in certain circumstances and otherwise deny the allegations. The allegations in the third sentence of Paragraph 14 are vague and ambiguous and Defendants deny the allegations on that basis.

15.     In response to the allegations in the first sentence of Paragraph 15, Defendants admit that Robyn Thorson is the Regional Director for the FWS in Interior Regions 9 and 12. Defendants admit the allegations in the second sentence of Paragraph 15. The allegations in the third sentence of Paragraph 15 are vague and ambiguous, and Defendants deny the allegations on that basis. The allegations in the third sentence of Paragraph 15 are also legal conclusions that require no response.

16.     Defendants admit the allegations in Paragraph 16.

17.     Defendants admit the allegations in Paragraph 17.

18.     Defendants admit the allegations in Paragraph 18. Defendants aver that, although the physical structure of Foster Dam remains a barrier, native fish species are passed upstream due to improved passage mechanisms at Foster Dam.

19.     Defendants admit the allegations in Paragraph 19.

20.     Defendants admit the allegations in the first sentence of Paragraph 20. The allegations in the second sentence of Paragraph 20 are vague and ambiguous, and Defendants deny the allegations on that basis. Defendants deny the allegations in the third sentence of Paragraph 20. Defendants aver that, while substantial levels of juvenile Upper Willamette River winter steelhead emergence may take place in July, emergence is expected to occur from May to July. The allegations in the third, fourth, and fifth sentences of Paragraph 20 are vague and ambiguous, and Defendants deny the allegations on that basis. Defendants deny the allegations in the sixth sentence of Paragraph 20 as to Upper Willamette River winter steelhead. Defendants admit the allegations in the seventh and eighth sentences of Paragraph 20.

21.    Defendants admit the allegations in the first sentence of Paragraph 21. Defendants deny the allegations in the second sentence. Defendants aver that the time period during which adult Upper Willamette River winter steelhead pass Willamette Falls ranges from December to May. Defendants admit the allegations in the third and fourth sentences of Paragraph 21. The allegations in the fifth sentences of Paragraph 21 are vague and ambiguous, and Defendants deny the allegations on that basis. Defendants admit the allegations in the sixth and seventh sentences of Paragraph 21. Defendants deny the allegations in the eighth sentence of Paragraph 21. Defendants aver that Upper Willamette River winter steelhead fry generally emerge from May to July.

22.    The allegations in the first sentence of Paragraph 22 are vague and ambiguous, and Defendants deny the allegations on that basis. Defendants aver that the Upper Willamette River steelhead distinct population segment listed under the ESA includes four independent populations of winter steelhead upstream of Willamette Falls existing in the Molalla, North Santiam, South Santiam, and Calapooia Rivers. The allegations in the second sentence of Paragraph 22 are vague and ambiguous, and Defendants deny the allegations on that basis.

23.    Defendants admit the allegations in the first sentence of Paragraph 23 that, "[i]n 1938, Congress enacted the Flood Control Act of 1938." The remaining allegations in the first sentence of Paragraph 23 purport to describe and characterize the Flood Control Act of 1938, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Act's plain language, meaning, and/or context. In response to the allegations in the second sentence of Paragraph 23, Defendants admit that the Willamette Valley Project contains 13 dams in the Willamette River Basin constructed, operated, and maintained by the Corps. Defendants aver that the Willamette Valley Project also consists of revetments,

hatcheries, and other components. Defendants admit the allegations in the third sentence of Paragraph 23. Defendants deny the allegations in the fourth sentence of Paragraph 23.

24.    Defendants admit the allegations in the first sentence of Paragraph 24 that, "[a]fter parts of the Willamette Valley Project were built [], hatchery winter steelhead were released into some streams in the upper Willamette River Basin." Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 24 that the hatchery winter steelhead were released in the upper Willamette River Basin beginning in 1965. The allegations in the second and third sentences of Paragraph 24 are vague and ambiguous, and Defendants deny the allegations on that basis. Defendants deny the allegations in the fourth and fifth sentences of Paragraph 24. Defendants aver that the winter steelhead trout hatchery program was terminated after the release of the smolts in 1998.

25.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 25. Defendants admit the allegations in the second sentence of Paragraph 25 that the Oregon Department of Fish and Wildlife ("ODFW") "introduced hatchery summer steelhead into the upper Willamette River basin." Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 25 that ODFW introduced hatchery summer steelhead into the Upper Willamette River basin in 1966. Defendants admit the allegations in the third sentence of Paragraph 25.

26.    Defendants admit the allegations in the first and second sentences of Paragraph 26. The allegations in the third and fourth sentences of Paragraph 26 are vague and ambiguous, and Defendants deny the allegations on that basis. Defendants admit the allegations in the fifth sentence of Paragraph 26. Defendants deny the allegations in the sixth sentence of Paragraph 26.

Defendants aver that hatchery summer steelhead that return generally cross Willamette Falls from June through October. Defendants deny the allegations in the seventh sentence of Paragraph 26. Defendants aver that returning hatchery summer steelhead generally reach the Santiam River basin from June through October. The allegations in the eighth, ninth, tenth, eleventh, and twelfth sentences of Paragraph 26 are vague and ambiguous, and Defendants deny the allegations. Defendants aver that one or more hatchery summer steelhead may meet the descriptions in the eighth, ninth, tenth, eleventh, and twelfth sentences of Paragraph 26.

27.    The allegations in the first and second sentences of Paragraph 27 purport to describe and characterize NMFS' listing determination "Threatened Status for Two ESUs of Steelhead in Washington and Oregon," 64 Fed. Reg. 14,517 (Mar. 25, 1999), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the listing determination's plain language, meaning, and/or context. The allegations in the third sentence of Paragraph 27 purport to describe NMFS' listing determination "Final Listing Determinations for 10 Distinct Population Segments of West Coast Steelhead," 71 Fed. Reg. 834 (Jan. 5, 2006), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the listing determination's plain language, meaning, and/or context. Defendants admit the allegations in the fourth and fifth sentences of Paragraph 27. Defendants deny the allegations in the sixth sentence of Paragraph 27.

28.    Defendants admit the allegations in Paragraph 28. However, Defendants aver that the allegations in Paragraph 28 only refer to "winter steelhead", which should not be confused with the Upper Willamette River winter steelhead distinct population segment listed under the ESA.

29.    Defendants admit the allegations in the first sentence of Paragraph 29, "[i]n 2007, the Corps of Engineers and other federal agencies consulted with NMFS." The remaining allegations in the first sentence of Paragraph 29 purport to describe and characterize a Supplemental Biological Assessment prepared by the United States Army Corps of Engineers, Bonneville Power Administration, and the United States Bureau of Reclamation in 2007, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Supplemental Biological Assessment's plain language, meaning, and/or context. The allegations in the second, third, and fourth sentences of Paragraph 29 purport to describe and characterize the Willamette BiOp, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Willamette BiOp's plain language, meaning, and/or context.

30.    Defendants deny the allegations in the first sentence of Paragraph 30. Defendants aver that ODFW submitted a hatchery summer steelhead hatchery genetic management plan ("HGMP") to NMFS in March 2018 and the Corps, after additional coordination with ODFW, submitted the final proposed hatchery summer steelhead HGMP to NMFS in June 2018. The allegations in the second and third sentences of Paragraph 30 purport to describe and characterize the hatchery summer steelhead HGMP, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the hatchery summer steelhead HGMP's plain language, meaning, and/or context.

31.    Defendants admit the allegations in the first sentence of Paragraph 31 that, "[o]n May 17, 2019, NMFS issued a BiOp." The remaining allegations in the first sentence of Paragraph 31 purport to describe and characterize the Hatcheries BiOp, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the

Hatcheries BiOp's plain language, meaning, and/or context. Defendants admit the allegations in the second sentence of Paragraph 31 that, "NMFS also prepared an EIS under NEPA." The remaining allegations in the second sentence of Paragraph 31 purport to describe and characterize the environmental impact statement, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the environmental impact statement's plain language, meaning, and/or context. Defendants admit the allegations in the third sentence of Paragraph 31 that, "[o]n May 21, 2019, NMFS issued a ROD." The remaining allegations in the third sentence of Paragraph 31 purport to describe and characterize the record of decision, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the record of decision's plain language, meaning, and/or context.

32.     Defendants admit the allegations in Paragraph 32.

33.     Defendants admit the allegations in the first and second sentences of Paragraph 33. However, Defendants aver that ODFW, not the Corps, produces and releases hatchery summer steelhead at the South Santiam Hatchery. Defendants admit the allegations in the third and fourth sentences of Paragraph 33. However, Defendants aver that ODFW also owns buildings and facilities at the South Santiam Hatchery. The allegations in the fifth sentence of Paragraph 33 are legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations. Defendants admit the allegations in the sixth sentence of Paragraph 33.

34.     Defendants admit the allegations in the first, second, and third sentences of Paragraph 34. The allegations in the fourth sentence of Paragraph 34 are legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations. Defendants admit the allegations in the fifth and sixth sentences of Paragraph 34.

Defendants' Answer to Complaint  - 11

35.     Defendants admit the allegations in the first, second, and third sentences of Paragraph 35. However, Defendants aver that ODFW, not the Corps, transfers some hatchery summer steelhead produced at the South Santiam Hatchery to the Minto Fish Facility for acclimation to water from the North Santiam River. Defendants further aver that ODFW, not the Corps, releases some hatchery summer steelhead into the North Santiam River and collects adult hatchery summer steelhead at the Minto Fish Facility. Defendants admit the allegations in the fourth, fifth, and sixth sentences of Paragraph 35. The allegations in the seventh sentence of Paragraph 35 are legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations. Defendants admit the allegations in the eighth sentence of Paragraph 35.

36.     Defendants admit the allegations in the first sentence of Paragraph 36. The allegations in the second sentence are legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations. The allegations in the third and fourth sentences of Paragraph 36 are vague and ambiguous, and Defendants deny the allegations on that basis. Defendants deny the allegations in the fifth, sixth, seventh, eighth, and ninth sentences of Paragraph 36.

37.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 37 as the allegations relate to actions by ODFW, not Defendants. On that basis, Defendants deny the allegations. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 37 and, on that basis, Defendants deny the allegations. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the fourth, fifth, sixth, and seventh sentences of Paragraph 37 as the allegations relate to actions by

ODFW, not Defendants. On that basis, Defendants deny the allegations.  Defendants admit the allegations  in the eighth and ninth sentences of Paragraph 37.

38.    Defendants lack information  or knowledge sufficient  to form a belief as to the truth of the allegations  in the first and second sentences of Paragraph 38 as the allegations  relate to actions by ODFW, not Defendants. On that basis, Defendants deny the allegations.  Defendants lack information  or knowledge sufficient  to form a belief as to the truth of the allegations  in the third and fourth sentences of Paragraph 38 and, on that basis, Defendants deny the allegations. Defendants deny the allegations  in the fourth sentence of Paragraph 38.

39.    Defendants lack information  or knowledge sufficient  to form a belief as to the truth of the allegations  in the first and second sentences of Paragraph 39 as the allegations  relate to actions by ODFW, not Defendants. On that basis, Defendants deny the allegations.  Defendants admit the allegations  in the third and fourth sentences in Paragraph 39.

40.    Defendants admit the allegations  in the first and second sentences of Paragraph 40. Defendants lack information  or knowledge sufficient  to form a belief as to the truth of the allegations  in the third, fourth, fifth, sixth, and seventh sentences of Paragraph 40 as the allegations  relate to actions by ODFW, not Defendants. On that basis, Defendants deny the allegations.

41.    Defendants deny the allegations  in the first sentence of Paragraph 41. Defendants aver that unclipped  summer steelhead that return to the Foster Fish Facility  are not transported above the dam. The allegations  in the second sentence of Paragraph 41 are vague and ambiguous,  and Defendants deny the allegations  on that basis. Defendants deny the allegations  in the third sentence of Paragraph 41. Defendants aver that hatchery summer steelhead are

generally more numerous than winter steelhead in the habitat immediately below Foster Dam during certain times of the year.

42.    Defendants admit the allegations in the first and second sentences of Paragraph 42. The allegations in the third and fourth sentences of Paragraph 42 purport to describe and characterize Clean Water Act designations by the State of Oregon, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the designations' plain language, meaning, and/or context. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the fifth, sixth, seventh, and eighth sentences of Paragraph 42 and, on that basis, Defendants deny the allegations.

43.    The allegations in the first , second, and third sentences of Paragraph 43 are vague and ambiguous, and Defendants deny the allegations on that basis. Defendants aver that studies suggest that hatchery summer steelhead could compete with Upper Willamette River winter steelhead trout for available habitat in the North and South Santiam River basins. Defendants further aver that competition is not certain to occur nor would it be likely to occur at significant levels. The likelihood and extent of competition is described in NMFS' Hatcheries BiOp. Defendants admit the allegations in the fourth sentence of Paragraph 43, that "[h]atchery summer steelhead released into the Santiam River basin interbreed with winter steelhead." The remaining allegations in the fourth sentence of Paragraph 43 are vague and ambiguous, and Defendants deny the allegations on that basis. Defendants aver that NMFS analyzed the effects of the hatchery summer steelhead program in the Hatcheries BiOp, and the information presented therein constitutes the best evidence of NMFS' conclusions with respect to interbreeding. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 43 and, on that basis, Defendants deny the

allegations. The allegations in the sixth sentence of Paragraph 43 are legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

44.      In response to the allegations in Paragraph 44, Defendants restate and incorporate by reference their responses to all preceding paragraphs.

45.      The allegations in the first sentence of Paragraph 45 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context. The allegations in the second sentence of Paragraph 45 are legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

46.      The allegations in the first sentence of Paragraph 46 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context. The allegations in the second sentence of Paragraph 46 are legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

47.      The allegations in the first sentence of Paragraph 47 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context. The allegations in the second sentence of Paragraph 47 are legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

48.      The allegations in the first sentence of Paragraph 48 purport to describe and characterize 50 C.F.R. § 223.203, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the regulation's plain language, meaning, and/or context. The allegations in the second sentence of Paragraph 48 purport to describe and

characterize the hatchery summer steelhead HGMP, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the HGMP's plain language, meaning, and or context. The allegations in the third sentence of Paragraph 48 are legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

49.     The allegations in the first and second sentences of Paragraph 49 purport to describe and characterize 50 C.F.R. § 223.203, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the regulation's plain language, meaning, and/or context. The allegations in the third sentence of Paragraph 49 purport to describe and characterize the hatchery summer steelhead HGMP, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the HGMP's plain language, meaning, and or context. The allegations in the fourth sentence of Paragraph 49 are legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

50.     In response to the allegations in Paragraph 50, Defendants restate and incorporate by reference their responses to all preceding paragraphs.

51.     The allegations in Paragraph 51 are legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

52.     The allegations in Paragraph 52 are legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

The remainder of the Complaint constitutes Plaintiffs' request for relief, which requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

Defendants' Answer to Complaint  - 16

## **GENERAL DENIAL**

All allegations of the Complaint that are not specifically admitted, denied, or qualified are hereby expressly denied.

## **AFFIRMATIVE AND OTHER DEFFENSES**

1. The Court lacks jurisdiction over some or all of Plaintiffs' claims.

2. Plaintiffs lack standing to bring some or all of their claims.

3. Plaintiffs have failed to allege facts that constitute a violation of law or otherwise to state a claim upon which relief may be granted.

4. The Court cannot accord complete relief among existing parties; Plaintiffs have failed to join ODFW as a necessary party.


Dated: March 15, 2021

Respectfully submitted,

JEAN E. WILLIAMS, Acting Assistant Attorney General
SETH M. BARSKY, Section Chief
S. JAY GOVINDAN, Assistant Section Chief

*/s/ Kaitlyn Poirier*
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Fax: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

*/s/ Mark A. Pacella*
MARK A. PACELLA, Trial Attorney (DC Bar # 470485)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section

Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-3126
Facsimile: (202) 305-0506
Email: mark.pacella@usdoj.gov

Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 15, 2021, a true and correct copy of the above document was electronically filed with the Clerk of Court using CM/ECF. Copies of the document will be served upon interested counsel via the Notices of Electronic Filing that are generated by CM/ECF.

/s/ *Kaitlyn Poirier*
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

Attorney for Defendants