Peter M. K. Frost (OSB #911843)
Sangye Ince-Johannsen (OSB #193827)
Western Environmental Law Center
120 Shelton McMurphey Blvd., Suite 340
Eugene, Oregon 97401
Tel: 541-359-3238 / 541-778-6626
frost@westernlaw.org / sangyeij@westernlaw.org

Elisabeth A. Holmes (OSB #120254)
Willamette Riverkeeper
P.O. Box 293
Eugene, Oregon 97440
eli@willametteriverkeeper.org
Tel: 541-870-7722

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WILLAMETTE RIVERKEEPER et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NAT'L MARINE FISHERIES SERVICE et al.,<br><br>    Defendants,<br><br>    and<br><br>OREGON DEP'T OF FISH AND WILDLIFE,<br><br>    Defendant-Intervenors. | Case No. 6:21-cv-00034-AA<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO LIMIT REVIEW TO THE ADMINISTRATIVE RECORD** |

Plaintiffs Willamette Riverkeeper et al. ("Riverkeeper") hereby respectfully file this response to oppose the motion of Federal Defendants National Marine Fisheries Service, Barry Thom, U.S. Army Corps of Engineers, Michael Helton, U.S. Fish and Wildlife Service, and Robyn Thorson ("Federal Defendants") to limit review to the administrative record and prohibit discovery (Dkt. No. 30).

## Standard of Review.

In civil cases, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

## Argument.

A.    The Scope of Review for Riverkeeper's Endangered Species Act Citizen Suit Claims Against Federal Defendants Is Not Limited to an Administrative Record.

Riverkeeper alleges in its amended complaint that Federal Defendants violated the Endangered Species Act ("ESA") by authorizing, funding, or carrying out aspects of the hatchery summer steelhead program that are likely to jeopardize the continued existence of winter steelhead and destroy or adversely modify its critical habitat. (Dkt. No. 20, ¶ 45). As Federal Defendants appear to concede, these claims are properly brought under the citizen suit provision of the ESA. Mot. at 4; 16 U.S.C. § 1540(g)(1)(A); *Or. Nat. Desert Ass'n v. Kimbell* ("*ONDA I*"), 593 F. Supp. 2d 1213, 1215–16 (D. Or. 2008) (stating basis of ESA claims). In turn, the Ninth Circuit has twice held that the scope of review for claims brought under the citizen suit provision of the ESA is not limited to any administrative record.

In *Washington Toxics Coalition*, the plaintiffs brought a claim under the citizen suit provision of the ESA challenging the EPA's failure to consult under Section 7 of the ESA with

the National Marine Fisheries Service ("NMFS") on the effects of registering certain pesticides. *Washington Toxics Coalition v. EPA*, 413 F.3d 1024, 1028 (9th Cir. 2005), *abrogated on other grounds*, *Nat'l Family Farm Coalition v. EPA*, 966 F.3d 893, 911 n.5 (9th Cir. 2020). In the district court, the plaintiffs and the EPA both filed declarations to prove whether the EPA was required to consult. *Washington Toxics Coalition v. EPA*, No. 2:01-cv-00132-JCC, 2002 WL 34213031, at *5 n.16 (July 2, 2002) (Summary Judgment Order (Dkt. No. 73)); *see id.* 2002 WL 34437291, at *13 (April 18, 2002) (Plaintiffs' Opposition to Defendants and Defendant-Intervenors' Motion for Summary Judgment and Reply in Support of Plaintiffs' Motion for Summary Judgment (Dkt. No. 63)) (citing declarations). The intervenors asserted the case should be resolved on the basis of an administrative record, not the declarations. *Id*. 2002 WL 34213031, at *3 & n.8. The district court held that "plaintiffs employ the ESA citizen-suit provision to assert section 7(a)(1) and 7(a)(2) claims. Therefore, the APA, including its peculiar doctrines, does not govern plaintiffs' claims. . . . For example, in the context of section 7(a)(2) and ongoing agency actions, [intervenors'] demand for an administrative 'agency record' is misplaced." *Id*. at *3.

The intervenors appealed this issue, arguing that the district court erred by deciding the case based on the parties' declarations rather than an administrative record. *Washington Toxics*, No. 04-34138, 2004 WL 1660996, at *16 (9th Cir. June 2, 2004) (Appellants' Opening Brief (Dkt. No. 21)). Thus, when the Ninth Circuit in *Washington Toxics* affirmed the district court's order and held that "the APA does not govern the plaintiff's claims," 413 F.3d at 1034, this was not dicta. Rather, the Ninth Circuit considered and rejected the same arguments Federal Defendants make here, holding that district courts may consider extra-record evidence proffered by the parties to resolve ESA citizen suit claims. On this point, *Washington Toxics* is indeed "the law of this Circuit on the scope of review for ESA claims." *Contra* Mot. at 17.

The Ninth Circuit reaffirmed this rule in *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 495–96 (9th Cir. 2011). In *Kraayenbrink*, the plaintiffs sued the Bureau of Land

Management under the ESA citizen suit provision, alleging the agency violated the ESA by failing to consult before approving grazing regulations. *W. Watersheds Project v. Kraayenbrink*, 538 F. Supp. 2d 1302, 1311 (D. Idaho 2008). The district court considered the plaintiffs' declarations "from recognized experts establishing that the [regulations] 'may affect' listed species." *Id*. at 1323. On appeal, the intervenors argued that the district court erred by considering extra-record evidence to review the ESA citizen suit claim. *Kraayenbrink*, 632 F.3d at 497. The Ninth Circuit rejected their argument and reaffirmed its holding in *Washington Toxics*: "the APA applies only where there is 'no other adequate remedy in a court,' 5 U.S.C. § 704, and—because the ESA provides a citizen suit remedy—the APA does not apply in such actions." *Id*. (citing *Washington Toxics*, 413 F.3d at 1034).

Consistent with the holdings of *Washington Toxics* and *Kraayenbrink*, many district courts within the Ninth Circuit have considered evidence apart from any administrative record in reviewing ESA citizen suit claims. *See WildEarth Guardians v. Jeffries*, 370 F. Supp. 3d 1208, 1227 (D. Or. 2019) (following *Kraayenbrink* and *Washington Toxics* in considering extra-record material in an ESA citizen suit case); *Friends of the Clearwater v. U.S. Forest Service* ("*Friends of the Clearwater III*"), 3:20-cv-00322-BLW, 2021 WL 3408595, at *4 (D. Idaho Aug. 4, 2021) (same); *Nat. Res. Def. Council v. Zinke*, 347 F. Supp. 3d 465, 500–01 (E.D. Cal. 2018) (following *Kraayenbrink* in admitting extra record evidence, because "[t]his court does not make law and cannot ignore an express holding of the Ninth Circuit that is directly on point"); *Nw. Envtl. Advocates v. U.S. Dep't of Commerce*, Case No. C16-1866-JCC, 207 U.S. Dist. LEXIS 185295, at *2–3 (W.D. Wash. Nov. 8, 2017) ("adjudication of an ESA citizen-suit claim requires a broader, more searching analysis than the administrative record can provide"); *W. Watersheds Project v. FWS*, 4:13-cv-176-BLW, 2013 WL 3270363, at *7 (D. Idaho June 26, 2013) (following *Kraayenbrink* and *Washington Toxics* in considering extra-record material in ESA citizen suit case); *Conservation Congress v. U.S. Forest Service*, No. 2:16-cv-00864-MCE-AC, 2017 WL 4340254, at *1–2 (E.D. Cal. Sept. 29, 2017) (finding that "there can be no question

that the Court in this [ESA citizen suit] case 'may consider evidence outside the administrative record'"); *Native Fish Society v. Nat'l Marine Fisheries Service*, 992 F. Supp. 2d 1095, 1106 (D. Or. 2014) (claim arising under the ESA's citizen-suit provision "is evaluated with *any* admissible evidence and is not limited to the administrative record") (emphasis added); *Nw. Coalition for Alternatives to Pesticides v. EPA*, 920 F. Supp. 2d 1168, 1174– 75 (W.D. Wash. 2013) (considering extra-record evidence in ESA case challenging agencies' failure to consult under Section 7); *Stout v. U.S. Forest Service*, 869 F. Supp. 2d 1271, 1276 (D. Or. 2012) (declining federal agency's invitation to ignore *Washington Toxics*, holding that the APA record review limitation does not apply to ESA citizen suit claims); *Or. Nat. Desert Ass'n v. Kimbell* ("*ONDA II*"), 593 F. Supp. 2d 1217, 1220 (D. Or. 2009) (under *Washington Toxics*, claims arising under the ESA citizen suit provision alleging a violation of the section 7 duty to avoid jeopardy "are not limited by the APA scope of review."); *Defs. of Wildlife v. Martin*, 454 F. Supp. 2d 1085, 1094 (E.D. Wash. 2006) (same).

Indeed, in a recent case in this district, Magistrate Judge Coffin ruled against the federal agency defendants on this issue, in one sentence: "ORDER: Denying Motion for a Protective Order." *McKenzie Flyfishers v. McIntosh*, 6:13-cv-02125-TC (May 21, 2014) (Dkt. No. 36).

Moreover, Federal Defendants are wrong that the rule of *Washington Toxics* and *Kraayenbrink* is inconsistent with the "litany of Ninth Circuit . . . rulings issued over more than three decades[.]" *Cf.* Mot. at 9 (citing *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 601 (9th Cir. 2014); *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 994 (9th Cir. 2014); *Grand Canyon Trust v. U.S. Bureau of Reclamation*, 691 F.3d 1008, 1016 (9th Cir. 2012); *Ground Zero Ctr. for Non-Violent Action v. U.S. Dep't of Navy*, 383 F.3d 1082, 1086 (9th Cir. 2004); *Westlands Water Dist. v. U.S. Dep't of Interior*, 376 F.3d 853, 865 (9th Cir. 2004); *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1205 (9th Cir. 2004); *Turtle Island Restoration Network v. NMFS*, 340 F.3d 969, 973 (9th Cir. 2003); *Ariz. Cattle Growers' Ass'n v. FWS, Bureau of Land Mgmt.*, 273 F.3d 1229, 1235 (9th Cir. 2001); *Pyramid Lake Paiute Tribe*

*of Indians v. U.S. Dep't of Navy*, 898 F.2d 1410, 1414 (9th Cir. 1990); *Sierra Club v. Marsh*, 816 F.2d 1376, 1385-87 (9th Cir. 1987); *Village of False Pass v. Clark*, 733 F.2d 605, 609 (9th Cir. 1984)). These cases reiterate the uncontroversial principles that ESA citizen suit claims are governed by the APA standard of review, and that APA claims challenging agency actions under the ESA are limited by the APA scope of review. But none of these cases hold that ESA citizen suit claims are governed by the APA scope of review. For example, the issue on appeal in *Jewell* and *Locke* was whether the district court observed the APA record review limitation with respect to APA challenges to two separate biological opinions. *Jewell*, 747 F.3d at 602–03; *Locke*, 776 F.3d 991–93. The Ninth Circuit's twin opinions in *Jewell* and *Locke* did not address whether the record review limitation applied to plaintiffs' ESA citizen suit claims related to the Bureau of Reclamation's adoption of the biological opinions, because the district court had held that the plaintiffs failed to provide requisite notice for those claims. *San Luis & Delta-Mendota Water Auth v. Salazar*, 760 F. Supp. 2d 855, 964 (E.D. Cal. 2010).

Nor are the holdings in *Washington Toxics* and *Kraayenbrink* inconsistent with Supreme Court cases concerning record review under other statutes. *Contra* Mot. at 8. For example, *Carlo Bianchi* concerned the appropriate scope of review under the Wunderlich Act—not the ESA— which allows review of federal agency decisions under dispute clauses in government contracts. *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 710, 713–14 (1963). As Magistrate Judge Costa recently explained in denying the federal government's motion to limit review of ESA citizen suit claims to the administrative record, unlike the Wunderlich Act, "[t]he citizen-suit provision of the ESA . . . provides a mechanism by which private individuals can enforce the substantive provisions of the ESA against regulated agencies, and thus adjudication of an ESA citizen-suit claim requires a broader, more searching analysis than the administrative record can provide." *Nw. Envtl. Advocates v. FWS*, No. 3:18-CV-01420-AC, 2019 WL 6977406, at *14 (D. Or. Dec. 20, 2019) (internal quotation marks and citations omitted).

Federal Defendants rely on two sentences in *Karuk Tribe* that they contend "should be dispositive": "compliance with the ESA is reviewed under the Administrative Procedure Act" and "[b]ecause this is a record review case, we may direct that summary judgment be granted to either party based upon our review of the administrative record." Mot. at 5 (citing *Karuk Tribe of California v. U.S. Forest Service*, 681 F.3d 1006, 1017 (9th Cir. 2012) (en banc)). In *Karuk Tribe*, the plaintiffs sued the Forest Service under the ESA citizen suit provision for failing to consult under Section 7 of the ESA. *Karuk Tribe*, 681 F.3d at 1011–12. The statements on which Federal Defendants rely appear in the "Standard of Review" section of the opinion with no further discussion. *Id*. at 1017. *Karuk Tribe* does not cite *Washington Toxics* or *Kraayenbrink*. Indeed, no party in *Karuk Tribe* propounded discovery or filed any extra-record evidence on the merits. The issue raised by Federal Defendants' motion here was not raised or briefed in *Karuk Tribe*. There is no indication that the Ninth Circuit intended its passing dictum to overrule its reasoned holdings in *Washington Toxics* and *Kraayenbrink*.

As Magistrate Judge Acosta recently ruled, "*Karuk Tribe* did not quietly overrule *Washington Toxics* or *Kraayenbrink*. Indeed, *Karuk Tribe* did not discuss *Washington Toxics* or *Kraayenbrink* at all. . . . The court thus concludes that in actions arising under the citizen-suit provision of the ESA, federal agencies are not afforded the same deference enjoyed under the APA because such claims do not necessarily implicate decisions stemming from the agency's expertise and experience." *Nw. Envtl. Advocates v. U.S. Fish and Wildlife Service*, No. 3:18-cv-01420-AC, 2019 WL 6977406, *15 (D. Or. Dec. 20, 2019); *see also Friends of the Clearwater v. Higgins* ("*Friends of the Clearwater II*"), No. 2:20-CV-00243-BLW, 2021 WL 827015, at *2 (D. Idaho Mar. 4, 2021) ( "*Karuk Tribe* does not mention *Kraayenbrink*. Accordingly, *Karuk Tribe* cannot be read as overruling *Kraayenbrink*. . . . This Court agrees with many other district courts that *Kraayenbrink* is still good law, and that it allows the Court to consider evidence outside the record in ESA cases."); *Friends of the River v. NMFS*, 293 F. Supp. 3d 1151, 1164 (E.D. Cal. 2018), *aff'd in part and rev'd in part on other grounds*, 786 Fed. Appx. 666 (9th Cir. 2019)

(rejecting argument "that *Kraayenbrink* was a 'passing and unprecedented abrogation of the APA,' which 'flout[ed] decades of Circuit and Supreme Court law'"); *Hoopa Valley Tribe v. NMFS*, 230 F. Supp. 3d 1106, 1124 (N.D. Cal. 2017) ("There is no indication that the Ninth Circuit intended [the 'record review'] statement to overrule the reasoning in *Washington Toxics* and *Kraayenbrink*; those cases are neither cited nor discussed in *Karuk Tribe*"); *Ellis v. Housenger*, No. C-13-1266-MMC, 2015 WL 3660079, at *3 (N.D. Cal. June 12, 2015) (same); *Nw. Coalition for Alternatives to Pesticides v. EPA*, 920 F. Supp. 2d 1168, 1174 (W.D. Wash. 2013) (same).

Indeed, the Ninth Circuit recently reaffirmed the *Kraayenbrink* rule in an opinion that also cites *Karuk Tribe* for other propositions. In *Nat'l Family Farm Coalition v. EPA*, the Ninth Circuit recognized that an agency's compliance with the ESA is reviewed under the APA's arbitrary and capricious standard of review, but considered evidence outside the record. 966 F.3d 893, 926 & n.11 (9th Cir. 2020) (citing *Kraayenbrink*).

Federal Defendants' core contention that the APA's standard of review is inseparable from its scope of review—and therefore that any claim governed by the APA standard must also be limited to the APA scope—is not the law of this circuit. *Cf.* Mot. at 13–15. Indeed, Judge Hernández and other district courts have made that point clear. *See Jeffries*, 370 F. Supp. 3d at 1227 ("While the APA's standard of review applies to ESA citizen suits, the APA does not limit the scope of review."); *ONDA II*, 593 F. Supp. 2d at 1220 ("the *scope* of judicial review in a claim brought under the ESA Citizen Suit Provision may not be subject to APA limitations.") (emphasis added); *Friends of the Clearwater II*, 2021 WL 827015, at *1 ("Defendants urge that, under [precedent defendants cite here too], not only does the APA determine the standard of review, but also the scope of review. The Ninth Circuit explicitly rejected this argument in . . . *Kraayenbrink*."); *Yurok Tribe v. U.S. Bureau of Reclamation*, 231 F. Supp. 3d 450, 467–69 (N.D. Cal. 2017) (rejecting federal defendants' virtually identical arguments that APA scope and standard of review are "inextricably related"); *WildEarth Guardians v. U.S. Federal Emergency*

*Mgmt. Agency*, No. CV 10–863–PHX–MHM, 2011 WL 905656, at \*3 & n.1 (D. Ariz. Mar. 15, 2011) ("The *Kraayenbrink* Court stated unequivocally that the scope of review for ESA citizen-suit claims is not provided for by the APA and as a result parties may submit and the court may consider evidence outside the administrative record. . . . The Court notes that the *Kraayenbrink* decision did not affect Ninth Circuit precedent with respect to the standard of review in ESA citizen suit cases."); *see also Indigenous Envtl. Network v. U.S. Dep't of State*, CV 17– 29/31–GF–BMM, 2017 WL 9280323, at \*1 (D. Mont. Dec. 12, 2017) ("The APA provides the standard of review for the ESA, but does not dictate the scope of judicial review.").[1]

Because review of the Riverkeeper's ESA citizen suit claims is not limited to the administrative record, the four exceptions to the APA's record review limitation in *Lands Council* are inapposite. *Contra* Mot. at 12 & 18 (citing *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005)). Nor is Riverkeeper required to file a motion challenging the completeness of the administrative records that Federal Defendants filed. *Contra* Mot. at 12 & 19; *see Nw. Envtl. Advocates*, 2019 WL 6977406 at \*11, 13–14 (rejecting the view of some courts that extra-record evidence is only admissible in ESA citizen suit cases under *Kraayenbrink* through a meritorious motion to supplement the record). In sum, Riverkeeper can file any admissible evidence to seek to prove their ESA citizen suit claims.

---

[1]  Federal Defendants' characterization of Judge Brown's decision to adopt Magistrate Judge Hubel's Findings and Recommendation in *Pacific Rivers Council v. Shepard*, No. 3:11-cv-442-HU, 2012 WL 950032 (D. Or. Mar. 20, 2012) is misleading. *See* Mot. at 14. In that case, the plaintiffs and the defendants agreed that Magistrate Judge Hubel "had before him all of the required portions of the administrative record to resolve" the plaintiffs' motion for partial summary judgment on an ESA citizen suit claim. *Pacific Rivers Council*, 2012 WL 950032 at \*2. Though the defendant-intervenors did not make any specific request to supplement the record, nor attempt to file evidence outside of the record, they argued that the administrative record was incomplete, and that "nothing less than the full record" would suffice. *Id.* Judge Brown rejected the defendant-intervenors' objection, pointing out that the APA record review limitation itself authorizes review of "the whole record or *those parts of it cited by a party*." *Id.* (citing 5 U.S.C. § 706, emphasis original). In other words, that case did not concern whether review of an ESA citizen suit claim must be limited to the administrative record, but rather whether an ESA citizen suit claim can be reviewed on an excerpted administrative record, where no party attempts to introduce evidence outside of those excerpts.

B.     Discovery Is Allowed for the Jeopardy Claims Because the Scope of Review Is Not Limited to an Administrative Record.

The Federal Rules of Civil Procedure provide narrow exemptions from a party's statutory right to conduct discovery—including for "an action for review on an administrative record." FED. R. CIV. P. 26(a)(1)(B)(i). But because the scope of review of Riverkeeper's jeopardy claims is not confined to any administrative record, and because Federal Defendants do not identify another applicable discovery exemption, Riverkeeper is entitled to discovery on these claims.

Indeed, many district courts within the Ninth Circuit have allowed discovery for ESA citizen suit claims, under *Washington Toxics* and/or *Kraayenbrink*. *See, e.g.*, *ONDA II*, 593 F. Supp. 2d at 1219–20 (allowing plaintiffs to introduce evidence, including expert reports and evidence obtained through discovery, to prove their citizen suit claim alleging that the action agency violated ESA section 7's "no jeopardy" mandate); *Conservation Congress v. Finley*, No. C 11–04752 SC, 2012 WL 1564946, at *5 (N.D. Cal. May 2, 2012) (denying motion for a protective order to prohibit discovery in ESA citizen suit claim seeking reinitiation of consultation, consistent with the Ninth Circuit's "unambiguous holding in *Washington Toxics*" and "unequivocal[]" statement in *Kraayenbrink*); *Housenger*, 2015 WL 3660079, at *3 (authorizing discovery for ESA citizen suit claim challenging agencies' failure to consult); *Wild Fish Conservancy v. Nat'l Park Service*, No. C12-5109 BHS, 2012 WL 5384896, at *1 (W.D. Wash. Nov. 1, 2012) (denying motion for protective order and allowing discovery in ESA citizen suit case under *Kraayenbrink* and *Washington Toxics*); *S. Yuba River Citizens League v. NMFS*, No. CIV. S–06–2845 LKK/JFM, 2008 WL 11400759, at *7 & *15 (E.D. Cal. Dec. 23, 2008) (authorizing discovery in ESA citizen suit claim "as to the issues of whether the [action agency] complied with the terms of the [incidental take statement]"); *see also Ctr. for Biological Diversity v. Ross*, 349 F. Supp. 3d 38, 47–48 (D.D.C. 2018) (allowing discovery for claim challenging ongoing violations of ESA Section 7); *Red Wolf Coalition v. FWS*, 210 F. Supp. 3d

796, 801 (E.D.N.C. 2016) (adopting Ninth Circuit rule and permitting discovery for ESA citizen suit claims); *Indigenous Envtl. Network*, 2017 WL 9280323, at *1 (same).

C.    The Court Should Not Require Any Motion to Amend the Case Schedule.

Federal Defendants note that the case scheduling order states that after Federal Defendants file administrative records, the parties "will meet and confer on the issue of discovery," Dkt. No. 19 at E., and that Plaintiffs' counsel did not formally confer before serving a discovery request. Mot. at 2 & 20. Plaintiffs' counsel apologizes for any error. There appears to be no prejudice; Plaintiffs agreed with and stipulated to Federal Defendants' request that they do not need to respond to the request until after the Court rules on this issue. *See* Exhibit A (parties' email agreement) & Dkt. No. 29 (parties' pending stipulation).

Conclusion.

The Court should deny Federal Defendants' motion.

Date: October 19, 2021.          Respectfully submitted,
                                 /s/ Sangye Ince-Johannsen
                                 Sangye Ince-Johannsen (OSB #193827)
                                 Peter M. K. Frost (OSB #911843)
                                 Elisabeth A. Holmes (OSB #120254)

Certificate of Service.

I hereby certify that on October 19, 2021, I electronically filed and served the foregoing Opposition to Federal Defendants' Motion to Limit Review on all counsel of record via the CM/ECF system.

                                 /s/ Sangye Ince-Johannsen
                                 Sangye Ince-Johannsen (OSB #193827)
                                 120 Shelton McMurphey Blvd., Suite 340
                                 Eugene, Oregon 97401
                                 Tel: 541-778-6626
                                 Email: sangyeij@westernlaw.org