# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILDEARTH GUARDIANS, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. FOREST SERVICE, et. al.,<br><br>Defendants. | Case No. 1:19-cv-00203-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it Defendants' Motion for Protective Order Regarding Discovery Requests. (Dkt. 84.) The matter has been fully briefed and is ripe for the Court's consideration. All parties have consented to the jurisdiction of a magistrate judge to conduct all proceedings in this matter.[1] Having reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, the motion will be decided on the record without oral argument. Dist. Idaho L. Rule 7.1(d). For the reasons explained below, the motion will be denied.

---

[1] This includes not only Plaintiffs and Defendants, but those parties the Court allowed to intervene in this matter. (Dkt. 73, 79.)

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

This matter concerns the effect on grizzly bears of the use of bait to hunt black bears in national forests in Idaho and Wyoming. WildEarth Guardians, Western Watersheds Project, Wilderness Watch, and Friends of the Clearwater (collectively, "WEG") challenge the United States Forest Service's ("USFS") and the Fish and Wildlife Service's ("FWS") actions and inactions related to the USFS's March 20, 1995 national policy regarding the use of bait to hunt black bears. The 1995 national policy states: "[w]here State law and regulation permit baiting[,] the practice is permitted on National Forest System lands unless the authorized officer determines on a site specific basis that the practice conflicts with Federal laws or regulations, or forest plan direction, or would adversely affect other forest uses or users." *See* 60 Fed. Reg. at 14,722.

WEG alleges that numerous grizzly bears have been "taken" due to hunting black bear using bait in national forests in Idaho and Wyoming, exceeding the level of permissible incidental take (zero) set forth in FWS's April 14, 1993 Biological Opinion and accompanying Incidental Take Statement. Am. Compl. ¶ 27 – 28; 47 – 70. (Dkt. 56.) WEG filed suit under the Endangered Species Act ("ESA"),[2] contending the USFS and FWS have "unlawfully failed to reinitiate and complete consultation" under the ESA. One component of the relief sought includes a request for a court order to compel the USFS and FWS to reinitiate and complete consultation. Am. Compl. ¶¶ 86, 87, Relief

---

[2] Defendants filed two motions to dismiss. The Court issued memorandum decisions deciding both motions, which set forth the background in more detail and explain the scope of the single claim remaining. (Dkt. 35, 55.)

**MEMORANDUM DECISION AND ORDER - 2**

Sought ¶ 3. (Dkt. 56.)[3] WEG contends that, in light of new information, specifically that the practice of black bear baiting can cause harmful effects on grizzly bears, the USFS and FWS have unlawfully failed to reinitiate and complete consultation. Am. Compl. ¶ 86. WEG challenges also later actions taken by Defendants purporting to rescind the 1993 BiOp and ITS.[4] Am. Compl. ¶¶ 88 – 91.

The 1995 national policy is still in effect, and its provisions are, as alleged in the amended complaint, being carried out via food closure orders in areas of the national forest in both Idaho and Wyoming. *See* Am. Compl. ¶¶ 41, 42.

Defendants filed the administrative record ("AR") on behalf of the USFS and FWS on April 20, 2021. (Dkt. 77.) A later motion to supplement the AR was denied, and the record was deemed complete on June 17, 2021. (Dkt. 83.)[5] WEG thereafter propounded discovery requests to Defendants on July 12, 2021, which include interrogatories, requests for production of documents, and requests for admission. (Dkt. 84-1.)[6] Defendants filed the instant motion for protective order, and concurrently provided WEG with objections to the discovery requests pending resolution of the

---

[3] Claim One includes several specific allegations upon which WEG seeks relief under the ESA. Am. Compl. ¶¶ 88 – 91. (Dkt. 56.) The Court finds these additional allegations are not implicated by Defendants' motion, because these allegations seek specifically to set aside discrete agency action taken rather than to compel agency action unlawfully withheld.
[4] On June 26, 2020, USFS withdrew its requests for consultation on the 1995 policy statement as well as on the 1993 USFS Region 2 policy statement, which were the subjects of the U.S. Fish & Wildlife Service's ("FWS") 1995 letter of concurrence ("LOC") and 1993 biological opinion ("BiOp") and incidental take statement ("ITS"), respectively. In response, FWS has withdrawn the LOC, BiOp, and ITS.
[5] The motion to supplement was denied as moot based upon Defendants' representations that the documents WEG identified do not exist. (Dkt. 83.)
[6] The discovery requests seek information regarding certain USFS occupancy and use orders, and the extent of Defendants' knowledge concerning whether grizzly bears have been killed or harmed since the promulgation of the 1995 policy.

**MEMORANDUM DECISION AND ORDER - 3**

motion. Mot. at 2 n.2. (Dkt. 84.) The specific objections to the discovery requests are not before the Court.

The parties conferred at length over discovery in this matter and disagree, as an initial matter, whether discovery is available. As explained in their motion, Defendants request:

> that the Court enter a protective order affirming that – as is established by the plain language of the APA, 5 U.S.C. § 706, and Rule 26(a)(1)(B)(i), as well as controlling Supreme Court and Ninth Circuit precedent – Plaintiffs' claims are governed by the scope and standard of review provided by the APA, and that discovery is not available in this matter. (Dkt. 84).

Defendants' motion does not challenge the discovery requests themselves, but rather asks that the Court decide the applicable standard and scope of review applicable to WEG's ESA claim. Defendants argue that the claims asserted against FWS and the USFS are governed by the Administrative Procedure Act ("APA"), and thus the scope of review is limited to the administrative record, regardless of whether WEG challenges an overt act or a failure to act. Defendants assert the claim against the USFS arises under the ESA, as opposed to the claim against the FWS, which arises under the APA. Nonetheless, Defendants claim the applicable scope of review is the same, and is limited to the administrative record.

WEG agrees that a claim brought pursuant to the ESA is subject to the APA's arbitrary and capricious standard of review, but responds that, when a plaintiff asserts a failure to act, the scope of review pursuant to the ESA's citizen suit provision is not limited to the administrative record. As for WEG's claim against the FWS, WEG

**MEMORANDUM DECISION AND ORDER - 4**

contends a failure to act claim arising under the APA is also not limited to the administrative record. In the amended complaint, WEG characterizes its claims against the USFS and FWS as a failure to reinitiate consultation, and to compel agency action unlawfully withheld. Therefore, WEG contends judicial review in this matter is not limited to the administrative record at some pre-defined point in time, and discovery should be permitted.

Accordingly, the Court addresses the scope of review relevant to WEG's claim that the USFS and FWS failed to reinitiate consultation, as specifically plead in paragraphs 86 and 87 of the amended complaint. (Dkt. 56.)

## ANALYSIS

**A.     Scope of Review Under the Endangered Species Act**

WEG brings its ESA claim against the USFS under the ESA's citizen suit provision, which allows private parties to enforce the ESA's substantive provisions under certain circumstances. 16 U.S.C. § 1540(g).[7] Where the ESA's citizen suit provision applies, the APA does not govern. *See West. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 495 (9th Cir. 2010); *Wash. Toxics Coal. v. Env't Prot. Agency*, 413 F.3d 1024, 1034 (9th Cir. 2005). However, because the ESA contains no internal standard of review, courts have adopted the APA's standard of review. *Friends of the Clearwater v. Higgins*, No. 2:20-cv-00243-BLW, 523 F.Supp.3d 1213, 1219 (D. Idaho 2021) (citing *Karuk Tribe*

---

[7] Defendants appear to concede that WEG's claim that the USFS unlawfully failed to reinitiate consultation with the FWS is properly brought under the citizen suit provision of the ESA. Brief at 4 – 5. (Dkt. 84.)

**MEMORANDUM DECISION AND ORDER  - 5**

of Ca. v. U.S. Forest Serv., 681 F.3d 1006, 1017 (9th Cir. 2012)). Under this standard, "a court may set aside an agency action if the court determines that the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Karuk Tribe*, 681 F.3d at 1017 (quoting 5 U.S.C. § 706(2)(A)). But, the same is not true for the scope of review: "because the ESA provides a citizen-suit remedy… [courts] may consider evidence outside the administrative record for the limited purposes of reviewing Plaintiffs' ESA claims." *Kraayenbrink*, 632 F.3d at 497.

Defendants' arguments to the contrary are unavailing. In *Higgins*, Senior District Judge B. Lynn Winmill explained that the United States Court of Appeal's decision in *Kraayenbrink* allows the Court to consider evidence outside the record in an ESA case brought under the citizen suit provision. *Higgins*, 523 F.Supp.3d at 1220. *See also Wild Fish Conservancy v. Pritzker*, No. C16-0223-JCC, 2016 WL 9175633 at *1 n.1 (W.D. Wash. June 30, 2016); *W. Watersheds Project v. U.S. Fish & Wildlife Serv.*, No. 4:13-CV-176-BLW, 2013 WL 3270363, at *4 (D. Idaho June 26, 2013) (APA's *scope* of review, limiting review to the administrative record, does not apply for the purpose of reviewing a citizen suit claim under the ESA).

Defendants' argument that *Karuk Tribe* overruled *Kraayenbrink*, and therefore the Court is prohibited from considering matters outside the administrative record in a citizen suit brought pursuant to the ESA, has been considered and rejected by this Court and others. *Higgins*, 523 F.Supp.3d at 1220 ("*Karuk Tribe* cannot be read as overruling *Kraayenbrink*," citing *Nw. Coal. For Alternatives to Pesticides v. U.S. E.P.A.*, 920 F.Supp.2d 1168, 1174 (W.D. Wash. 2013)). *See also Nat. Res. Def. Council v. Zinke*, 347

**MEMORANDUM DECISION AND ORDER - 6**

F. Supp. 3d 465, 501 (E.D. Cal. 2018) ("In *Kraayenbrink*, the Ninth Circuit clearly held that courts in this Circuit 'may consider evidence outside the administrative record for the limited purposes of reviewing' a claim brought under the ESA's citizen suit provision…."); *All. for Wild Rockies v. Probert*, 412 F. Supp. 3d 1188, 1196 (D. Mont. 2019) ("In *Kraayenbrink*, the court determined that because claims under the ESA citizen suit provision are distinct from claims under the APA, courts 'may consider evidence outside the administrative record for the limited purposes of reviewing… ESA claim[s].'"); *Or. Nat. Desert Ass'n v. Kimbell*, 593 F. Supp. 2d 1217, 1220 (D. Or. 2009) ("[T]he scope of judicial review in a claim brought under the ESA Citizen Suit Provision may not be subject to APA limitations" and citing *Wash. Toxics Coal. v. Envtl. Prot. Agency*, 413 F.3d 1024, 1034 (9th Cir. 2005)); *Wildearth Guardians v. U.S. Fed. Emergency Mgmt. Agency*, No. CV 10-863-PHX-MHM, 2011 WL 905656, at *3 (D. Ariz. Mar. 15, 2011) ("The *Kraayenbrink* Court stated unequivocally that the scope of review for ESA citizen-suit claims is not provided for by the APA and as a result parties may submit and the court may consider evidence outside the administrative record.").

Although *Karuk Tribe* addressed an ESA claim, the scope of review was not an issue decided by the court. In *Karuk Tribe*, the parties stipulated to resolve the case on the basis of the administrative record, and the decision did not reference *Kraayenbrink*, decided just two months earlier. *See Higgins*, 523 F.Supp.3d at 1220 n.1. Therefore, the Court may consider evidence outside the administrative record for the limited purpose of reviewing WEG's ESA claim, brought pursuant to the citizen suit provision, against USFS.

**MEMORANDUM DECISION AND ORDER - 7**

B.   Scope of Review Under the APA

WEG argues that its claim against the FWS alleges a failure to act under the APA, which claim is also not limited to the administrative record. The Court agrees. When a plaintiff challenges a final agency action under the APA, judicial review generally is limited to the administrative record in existence at the time of the agency's decision. *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014).[8] This is because the agency must justify its final action by reference to the reasons it considered at the time it acted. *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000).

But, an action to compel an agency to take affirmative action, as sought here, is not a challenge to a final agency decision, but rather an action arising under 5 U.S.C. § 706(1) to "compel agency action unlawfully withheld or unreasonably delayed." *Friends of the Clearwater*, 222 F.3d at 560. "In such cases, review is not limited to the record as it existed at any single point in time, because there is no final agency action to demarcate the limits of the record." *Id.* In other words, when there is a failure to act, there is no

---

[8] There are, however, several exceptions to this rule. A reviewing court may consider extra-record evidence where admission of that evidence (1) is necessary to determine "'whether the agency has considered all relevant factors and has explained its decision,'" (2) is necessary to determine whether "'the agency has relied on documents not in the record,' (3) 'when supplementing the record is necessary to explain technical terms or complex subject matter,' or (4) 'when plaintiffs make a showing of agency bad faith.'" *Lands Council v. Powel*, 395 F.3d 1019, 1030 (9th Cir. 2005) (quoting *Sw. Ctr. for Biological Diversity v. U.S.F.S.*, 100 F.3d 1443, 1450 (9th Cir. 1996)). These exceptions are narrowly construed, and the party seeking to admit extra-record evidence initially bears the burden of demonstrating that a relevant exception applies. *San Luis & Delta-Mendota Water Auth.*, 776 F.3d at 993 (citing *Fence Creek Cattle Co. v. U.S. Forest Service*, 602 F.3d 1125, 1131 (9th Cir. 2010)).

**MEMORANDUM DECISION AND ORDER - 8**

contemporaneous administrative record to which review can be confined. *San Francisco BayKeeper v. Whitman*, 297 F.3d 877, 886 (9th Cir. 2002).

Accordingly, the scope of the Court's review in this action is not limited to the administrative record.

**C.     Discovery May Proceed**

Having settled the law pertinent to the scope of review as to WEG's failure to act claims arising under the ESA's citizen suit provision and the APA, the Court notes that the specific discovery requests, and the relevance of the information sought by the requests, are not before the Court. *See Nw. Coal. for Alternatives to Pesticides v. U.S. E.P.A.*, 920 F. Supp. 2d 1168, 1176 (W.D. Wash. 2013) ("[A] party may only 'supplement the record with evidence that is relevant to the question of whether relief should be granted'") (quoting *Wildearth Guardians v. F.E.M.A.*, No. 10–cv–863, 2011 WL 905656 at *3 (D.Ariz., March 15, 2011)). Generally, courts within the Ninth Circuit have permitted discovery in similar cases in reliance on *Kraayenbrink* and *Washington Toxics Coal*.

For example, in *Oregon Natural Desert Assoc. v. Kimbell*, 593 F.Supp.2d 1217 (D. Or. 2009), the district court permitted the plaintiffs to introduce evidence, including expert reports and evidence obtained through discovery, to prove the plaintiffs' claims alleging violations of sections 7 and 9 of the ESA. 593 F.Supp.2d at 1219. Likewise, in *Wildearth Guardians v. U.S. Federal Emergency Mgt. Agency*, No. CV 10–863–PHX–MHM, 2011 WL 905656 (D. Ariz. Mar.15, 2011), the court permitted the plaintiffs to supplement the record in a case involving four claims brought pursuant to the ESA's

**MEMORANDUM DECISION AND ORDER - 9**

citizen-suit provision. 2011 WL 905656, at *3. And, in *Ctr. for Biological Diversity v. Ross*, 349 F. Supp. 3d 38 (D.D.C. 2018), the court held that the plaintiffs were entitled to discovery to present extra-record evidence on their claim that the National Marine Fisheries Service was violating its ongoing duty under the ESA to prevent unauthorized take of endangered right whales.

As the Court understands, WEG's amended complaint alleges Defendants' inaction in the wake of the 1995 national policy resulted in unlawful take of grizzly bears, requiring the reinitiation of consultation. No specific administrative decision appears to be challenged in the context of this aspect of WEG's claim, and it is based upon events occurring after the promulgation of the 1995 national policy. However, neither party addressed the relevance of WEG's extra-record discovery requests. *See, e.g., Conservation Cong. v. Finley*, No. C 11-04752 SC LB, 2012 WL 1564946, at *5 (N.D. Cal. May 2, 2012) (allowing discovery concerning information arising after completion of consultation, "particularly where Plaintiffs explained the need for the specific extra-record discovery.").

In the absence of any argument contesting the relevance of the information sought, or the specific relationship to the allegations against Defendants, the Court will deny Defendants' motion. The Court's order is without prejudice to Defendants' ability to contest specific discovery requests on the grounds of relevance or other reasons. But, Defendants may not object to the requests on the general premise that extra-record evidence is not permitted in this lawsuit.

**MEMORANDUM DECISION AND ORDER - 10**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendants' Motion for Protective Order (Dkt. 84) is **DENIED**.

2) The parties, including intervenors and amicus, are directed to meet and confer and propose additional deadlines governing further proceedings in this matter. The parties' proposed deadlines must be filed no later than **January 18, 2022**.

DATED: January 03, 2022

Candy W. Dale
Chief U.S. Magistrate Judge