IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**WILLAMETTE RIVERKEEPER,**
**et al.,**

      Plaintiffs,　　　　　　　　　　　　No. 6:21-cv-00034-AA

  v.　　　　　　　　　　　　　　　　　　**OPINION & ORDER**

**NATIONAL MARINE FISHERIES**
**SERVICE, et al.,**

      Defendants.

AIKEN, District Judge.

This case comes before the Court on a Motion to Limit Review to the Administrative Record, ECF No. 30. The Court concludes that this motion is appropriate for resolution without oral argument. For the reasons set forth below, the motion is DENIED.

## DISCUSSION

In their Amended Complaint, Plaintiffs allege (1) that Defendant U.S. Army Corps of Engineers ("COE") and Defendant U.S. Fish and Wildlife Service ("FWS") violated Section 7 of the Endangered Species Act ("ESA") because they "have authorized, funded, or carried out aspects of the hatchery summer steelhead program, which has jeopardized the continued existence of winter steelhead and resulted in the destruction and adverse modification on its critical habitat," Am. Compl. ¶ 45; (2) that Defendant U.S. National Marine Fisheries Service ("NMFS") violated Section 7 of the ESA by issuing a Biological Opinion ("BiOp") "that unlawfully finds or

determines that the hatchery summer steelhead program does not jeopardize winter steelhead or result in the destruction or adverse modification of its critical habitat," and that the NMFS "issued an incidental take statement that fails to include reasonable or prudent measures necessary or appropriate to minimize such impact," *Id.* at ¶¶ 47-48; and that the Environmental Impact Statement ("EIS") violates the National Environmental Policy Act ("NEPA") because it "fails to take a hard look" at the consequences and effects on winter steelhead caused by the hatchery summer steelhead program." *Id.* at ¶ 52.

The parties are in essential agreement that, outside of limited circumstances, the Court's review of claims under the Administrative Procedures Act ("APA") and NEPA are restricted to the administrative record. *See Native Ecosystems Council v. United States Forest Service*, 428 F.3d 1233, 1238 (9th Cir. 2005) ("Because NFMA and NEPA do not provide a private cause of action to enforce their provisions, agency decisions allegedly violating NFMA and NEPA are reviewed under the Administrative Procedures Act ('APA'), 5 U.S.C. §§ 551 *et seq*."). Rather, the core of the parties' dispute concerns Plaintiffs' claims under the "citizen suit" provision of the ESA.

The "citizen suit" provision of the ESA provides a private right of action for individuals under three circumstances:

> (A) to enjoin any person, including the United States and any other governmental instrumentality or agency . . . who is alleged to be in violation of any provision of this chapter or regulation issued under the authority thereof; or
>
> (B) to compel the Secretary to apply . . . the prohibitions set forth in or authorized pursuant to section 1533(d) or 1538(a)(1)(B) of this titled with respect to the taking of any resident endangered species or threatened species within any State; or
>
> (C) against the Secretary where there is alleged a failure of the Secretary to perform any act or duty under section 1533 of this title which is not discretionary with the Secretary.

16 U.S.C. § 1540(g)(1).

In *Bennett v. Spear*, 520 U.S. 154, 174 (1997), the Supreme Court held that the citizen suit provision does not provide a means to challenge an agency's "maladministration" of the ESA. Rather, citizen suites are "a means by which private parties may enforce the substantive provisions of the ESA against regulated parties—both private parties and Government agencies—but is not an alternative avenue for judicial review of the Secretary's implementation of the statute." *Id.* at 173.

"When reviewing administrative decisions involving the ESA, [courts] are guided by section 706 of the Administrative Procedures Act," under which "agency actions and findings shall be set aside only when they are found to be 'arbitrary, capricious, an abuse of discretion,' 'in excess of statutory . . . authority,' or 'without observance of procedure required by law.'" *Ctr. for Biological Diversity v. United States Fish & Wildlife Serv.*, 450 F.3d 930, 934 n.4 (9th Cir. 2006) (quoting 5 U.S.C. § 706(a)(A), (C)-(D)); *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 994 (9th Cir. 2014) ("The ESA does not provide its own standard of judicial review, so we evaluate the BiOp under the APA's arbitrary or capricious standard."); *Ninilchik Traditional Council v. United States*, 227 F.3d 1186, 1193 (9th Cir. 2000) ("[C]hallenges to agency actions are subject to the APA's judicial review standard unless Congress specifies a contrary intent[.]"). Such review is ordinarily confined to the administrative record that was before the agency at the time of the decision. 5 U.S.C. § 706.

Here, the parties agree that the APA's arbitrary or capricious standard should apply to Plaintiffs' citizen suit ESA claims, but dispute whether the scope of the review is the same as under the APA. The Government maintains that the scope of review under the ESA is the same as under

the APA and so is limited to the administrative record. Plaintiffs maintain that they are not limited to the administrative record and have served discovery requests upon the Government.

In support of their position, Plaintiffs cite to *Washington Toxics Coalition v. EPA*, 413 F.3d 1024 (9th Cir. 2005) and *Western Watersheds Project v. Kraayenbrink*, 632 F.3d 472 (9th Cir. 2011). In *Washington Toxics*, the intervenor argued that the district court had erred "by not applying the APA and its limited provision for judicial review of final agency action." 413 F.3d at 1034. The Ninth Circuit held that "suits to compel agencies to comply with the substantive provisions of the ESA arise under the ESA citizen suit provision, and not the APA," and that "[b]ecause this substantive statute independently authorizes a private right of action, the APA does not govern the plaintiff's claims." *Id.*

In *Kraayenbrink*, the plaintiff alleged that the Bureau of Land Management ("BLM") failed to consult with FWS in violation of the ESA. *Kraayenbrink*, 622 F.3d at 476-77. The plaintiffs submitted extra-record evidence and the intervenors argued that the court "may not look to extra-record material in conducting a review under the ESA." *Id.* at 497. The Ninth Circuit rejected that argument: "As we explained in *Washington Toxics Coalition*, the APA applies only where there is no other adequate remedy in a court and—because the ESA provides a citizen suit remedy—the APA does not apply in such actions." *Id.* (internal citations and quotation marks omitted). "Therefore, under *Washington Toxics Coalition* we may consider evidence outside the administrative record for the limited purposes of reviewing Plaintiff's ESA claim." *Id.* As courts within this District have observed, *Kraayenbrink* "has not been consistently applied" and "district courts in this circuit appear somewhat split as to the broader implications of *Washington Toxics* and *Kraayenbrink*." *Nw. Env't Advocs. v. United States Fish & Wildlife Serv.*, Case No. 3:18-CV-01420-AC, 2019 WL 6977406, at *13 (D. Or. Dec. 20, 2019) (collecting cases).

In *Nw. Env't Advocs.*, the court was confronted with essentially the same arguments as the parties present in the present case. There, as here, the Government argued that the Ninth Circuit's en banc decision in *Karuk Tribe of Cal. v. United States Forest Serv.*, 681 F.3d 1006 (9th Cir. 2012) clarified the scope of review for claims brought under the ESA citizen suit provision. In *Karuk Tribe*, the Ninth Circuit stated that "[a]n agency's compliance with the ESA is reviewed under the Administrative Procedures Act," and that it is a "record review case" where summary judgment may "be granted to either party based upon our review of the administrative record." *Id.* at 1017. As the *Nw. Env't Advocs.* court observed, however, this language is found in the "Standard of Review" section of the *Karuk Tribe* and the Ninth Circuit did not discuss either *Washington Toxics* or *Kraayenbrink* in its decision. *Nw. Env't Advocs*, 2019 WL 6977406, at *14. "Thus, the Ninth Circuit did not 'hold' that ESA citizen-suits must adhere to the scope of review set forth in the APA, and *Karuk Tribe* did not quietly overrule *Washington Toxics* or *Kraayenbrink*." *Id.*; *see also Hoopa Valley Tribe v. Nat. Marine Fisheries Serv.*, 230 F. Supp.3d 1106, 1124 (N.D. Cal. 2017) ("There is no indication that the Ninth Circuit meant this ['record review' case] statement to overrule the reasoning in *Washington Toxics* and *Kraayenbrink*; those cases are neither cited nor discussed in *Karuk Tribe*."); *Nw. Coal. for Alts. to Pesticides v. EPA*, 920 F. Supp.2d 1168, 1174 (W.D. Wash. 2013) ("*Karuk Tribe* cannot reasonably be read to implicitly or silently overrule the Ninth Circuit's reasoned holdings that, in circumstances where a plaintiff challenges a federal agency's failure to act under the citizen suit provision of the ESA, review is not confined to an administrative record."). This Court concurs and joins these other courts in holding that *Karuk Tribe* did not silently overrule the holdings of *Washington Toxics* and *Kraayenbrink* concerning the scope of review for citizen suit claims under the ESA.

In *Nw. Env't Advocs.*, the court went on to hold that "in actions arising under the citizen-suit provisions of the ESA, federal agencies are not afforded the same deference enjoyed under the APA because those claims do not necessarily implicate decisions stemming from the agency's expertise and experience," and so denied the Government's request for an order limiting review of the plaintiff's claims arising under the ESA to the administrative record. 2019 WL 6977406, at *14; *see also Native Fish Soc'y v. Nat. Marine Fisheries Servs.*, 992 F. Supp.2d 1095, 1106 (D. Or. 2014) (a claim under the ESA citizen-suit provision "is evaluated with any admissible evidence and is not limited to the administrative record."); *WildEarth Guardians v. Jefferies*, 370 F. Supp.3d 1208, 1227 (D. Or. 2019) ("While the APA's standard of review applies to ESA citizen suits, the APA does not limit the scope of review."); *Nw. Env't Advocs. v. EPA*, No. 3:21-cv-01136-HZ, 2022 WL 15331465, *4 (D. Or. Oct. 24, 2022) ("In the context of citizen suits under the Endangered Species Act, the Ninth Circuit has held that because the APA does not provide relief, the court may consider evidence outside the record."); *Wild Fish Conservancy v. Nat'l Park Serv.*, No. C12-5109 BHS, 2012 WL 5384896, at *1 (W.D. Wash. Nov. 1, 2012) (permitting discovery for an ESA citizen suit claim based on the holdings of *Kraayenbrink* and *Washington Toxics*); This Court concurs and concludes that, for purposes of Plaintiffs' claims under the ESA citizen suit provision, the Court's review is not limited to the administrative record and so declines grant the Government's motion.

//
//
//
//
//

## CONCLUSION

Defendants' Motion to Limit Review to the Administrative Record, ECF No. 30, is DENIED.

It is so ORDERED and DATED this 26th day of June 2023.

s/ Ann Aiken<br>
ANN AIKEN<br>
United States District Judge